[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12456
Non-Argument Calendar
_____

D.C. Docket No. 9:13-cr-80140-DTKH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY ALBERT SCHALLER, II,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 15, 2015)

Before WILLIAM PRYOR, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Henry Albert Schaller, II, appeals his convictions for four counts of making a false representation that he had never been convicted of a misdemeanor on his applications for a medical certificate, 18 U.S.C. § 1001(a)(2), and one count of knowingly and willfully making a false representation that his medical certificate had never been denied, suspended, and revoked, *id.* Schaller argues that the district court erred by instructing the jury about the definition of "petty offense" and the classification of federal crimes and that the evidence is insufficient to support his convictions. We affirm.

The district court did not err in its instructions to the jury. The government argued that Schaller had been convicted of two misdemeanors, but Schaller testified that he had been convicted of petty offenses. To aid the jury, the district court provided oral and written instructions about the characteristics of a petty offense, a misdemeanor, and a felony and about the burden of proof. Those instructions defined accurately the types of offenses and aided the jury in determining whether Schaller knew that his prior convictions were misdemeanors and whether he willfully failed to disclose those convictions on his applications. *See United States v. Mintmire*, 507 F.3d 1273, 1293 (11th Cir. 2007). The district court informed the jury of the fact that Schaller had been convicted of misdemeanors, but that statement of fact did not suggest that Schaller's testimony was incredible. The district court instructed the jury that "[t]he government had . . .

2

to prove that [Schaller's] statement was false . . . and that [he] knew it was false when" he filed his applications; Schaller had to act "purposefully with the intent to mislead the Government"; if Schaller thought that he "was not convicted of a misdemeanor offense" then he was "not guilty of [making a false statement] because [that] crime require[d] the Government to prove that Mr. Schaller acted willfully and knew that his statement was false"; "the Government [had] the burden of proving . . . that Mr. Schaller knew he had been convicted of a misdemeanor offense and he purposefully checked the box no"; and if "Schaller did not understand that he had been convicted of a misdemeanor offense, he [was] not guilty."

Ample evidence also supports Schaller's convictions for making false statements. Schaller argues that he did not falsely deny being convicted of misdemeanors, but the evidence supports the contrary finding of the jury. We review *de novo* the sufficiency of the evidence and view it in the light most favorable to the government. *Mintmire*, 507 F.3d at 1289. Although Schaller's judgment and amended judgment of conviction stated that they were "[f]or a Petty Offense," Schaller referred to his prior convictions as misdemeanors during his interview with federal agents and during a later conversation that he had with his daughter. Moreover, Schaller's information charged him with "class A misdemeanor[s]"; Schaller acknowledged in his written plea agreement that he

3

"underst[oo]d[] and agree[d] that [his] offenses . . . [were] class A misdemeanors";
and both the district court and defense counsel described Schaller's crimes as
misdemeanors during his change of plea hearing. Schaller also argues that the
government failed to prove that his false statements were material, but federal
agents testified that the Administration relied on Schaller's false representations to
issue his medical certificates and that the Administration would have investigated
Schaller's mental state had he provided truthful responses in his applications.
Schaller's false responses were material because they "impair[ed] or prevent[ed]
the functioning" of the Administration. *See United States v. Boffil-Rivera*, 607 F.3d
736, 741 (11th Cir. 2010). Schaller testified that he was unaware that his
statements were false or material, but the jury was entitled to disbelieve Schaller
and treat his testimony as substantive evidence of his guilt. *See United States v.
Brown*, 53 F.3d 312, 314 (11th Cir. 1995)

We **AFFIRM** Schaller's convictions.

4